IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM DAVID GOLDEN, TDCJ NO. 673185, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-1942 |
| JUDY FOX, Official Court Reporter, | § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

William David Golden, a convicted felon incarcerated in the Texas Department of Criminal Justice (TDCJ), has filed Plaintiff's Original Complaint (Docket Entry No. 1) pursuant to 42 U.S.C. § 1983 against Judy Fox, Official Court Reporter for the 176th Judicial District Court of Harris County, Texas, and other trial officials. Golden alleges that Fox altered the trial record in two of his criminal cases and seeks an order directing Fox to correct the record. Golden has also named other court officials as defendants and seeks additional relief. After reviewing the pleadings, the court has determined that this action should be dismissed as legally baseless.

I. **Background Information and Claims**

Golden is serving two 25-year sentences in TDCJ pursuant to convictions for possession of heroin and possession of cocaine.

State v. Golden, Nos. 1165978, 1165979 (176th Dist. Ct., Harris County, Tex., July 15, 2010); see TDCJ Offender Information Website, http://offender.tdcj.state.tx.us. In spite of the trial court's warnings, Golden represented himself at trial. (Docket Entry No. 1, pp. 17-18) After being convicted and sentenced, Golden, again refusing appointed counsel, appealed the judgments that were affirmed by the Court of Appeals for the Fourteenth District of Texas. Golden v. State, Nos. 14-10-00668-CR, 14-10-00669-CR, 2011 WL 5928361 (Tex. App. - Houston [14th Dist.], Nov. 29, 2011, pet. ref'd). The Texas Court of Criminal Appeals refused Golden's Petition for Discretionary Review on May 23, 2012. No Petition for Writ of Certiorari was filed, and there is no record of a state application for a writ of habeas corpus being filed with the Court of Criminal Appeals or with the Harris County District Courts. See Court of Criminal Appeals and Harris County District Clerk's Office Websites: http://www.hcdistrictclerk.com/; http://www.cca.courts.state.tx.us/.

The civil rights complaint filed by Golden in this action alleges that Fox altered the record regarding the prosecuting attorney's closing argument (Docket Entry No. 1, p. 16). Golden also names as a defendant the Honorable Shawna L. Reagin, the presiding judge for the 176th State District Court. Id. at 11. He alleges that Judge Reagin ordered Fox to alter the record. (Docket Entry No. 1, at 25) In addition, Golden names as defendants the three appellate justices who affirmed his case along with

Christopher Prine, the Clerk of the Fourteenth Court of Appeals. Id. at 12. Golden alleges that the prosecutor admitted in open court that there was insufficient evidence to prove that he was in possession of the illegal substances, but that Fox, under Judge Reagin's direction, altered the transcript to remove the prosecutor's admission. Golden also alleges that when he discovered the inaccuracies in the record Prine blocked his efforts to correct them. Id. at 14, 20. The Fourteenth Court of Appeals affirmed the judgments having noted that Golden did not file a brief. See Golden, 2011 WL 5928361. Golden implies that he was unable to file a brief because of the alleged inaccuracies in the trial transcript. Golden seeks an injunction directing Fox to correct the trial court's record and vacating the judgment and sentence against him. (Docket Entry No. 1-1, p. 8) He also seeks other relief including exemplary damages from the defendants. Id. at 7.

## II. Analysis

In general, a civil rights complaint must be dismissed when the plaintiff is attacking the validity of a criminal conviction and has not shown that the conviction has been overturned. Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). Golden seeks federal court intervention in state court proceedings. Heck applies to applications for injunctive relief in which the applicant seeks a hearing that would affect the legality of his incarceration. Shaw v.

Harris, 116 F. App'x 499, 500 (5th Cir. 2004), citing Kutzner v. Montgomery County, 303 F.3d 339, 340-41 (5th Cir. 2002) (overruled on other grounds by Skinner v. Switzer, 131 S. Ct. 1289 (2011). Golden's claim that the court reporter altered his trial transcript necessarily challenges the validity of his conviction and is barred by Heck. Mims v. Anderson, 350 F. App'x 351, 353 (11th Cir. 2009); Bonner v. Castloo, 193 F. App'x 325, 325-326 (5th Cir. 2006); Rose v. Patterson, 152 F. App'x 589 (9th Cir. 2005). Moreover, Golden seeks monetary damages from trial and appellate judges who are absolutely immune from liability for actions taken within their judicial capacities. Stump v Sparkman, 98 S. Ct. 1099 (1978).

In addition, the well-established doctrine set out in Younger v. Harris, 91 S. Ct. 746, 750-51 (1971), prohibits federal courts from interfering in state criminal proceedings unless extraordinary circumstances are present. "This doctrine, alternately called abstention or nonintervention, is based on considerations of equity, comity, and federalism." DeSpain v. Johnston, 731 F.2d 1171, 1175-76 (5th Cir. 1984), citing Younger. "[F]ederal courts must be wary of infringing on legitimate exercises of state judicial power." Newby v. Enron Corp., 302 F.3d 295, 301 (5th Cir. 2002), citing Younger.

A writ of habeas corpus is the proper remedy for a state inmate challenging the fact of his confinement. Preiser v. Rodriquez, 93 S. Ct. 1827, 1833 (1973). Golden's claim can only be

pursued in a habeas corpus proceeding. See, e.g., Wesbrook v. Thaler, 585 F.3d 245, 256-59 (5th Cir. 2009).

Since Golden is a prisoner and has not paid the filing fee, this court must dismiss this civil rights action if it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i); 28 U.S.C. § 1915A(b)(1). A complaint is frivolous if it lacks an arguable basis in law or fact. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). Golden's complaint has no merit and, therefore, will be dismissed without prejudice to his seeking habeas relief. See Bonner, 193 F. App'x at 326.

Golden has not filed an application to proceed as a pauper; however, he is obligated to pay the entire filing fee ($350.00) as soon as funds become available. 28 U.S.C. § 1915(b)(1); Hatchet v. Nettles, 201 F.3d 651 (5th Cir. 2000). The TDCJ Inmate Trust Fund shall deduct 20% of each deposit made to Golden's inmate trust account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire filing fee ($350.00) has been paid.

### III. Conclusion

It is, therefore, **ORDERED** as follows:

1. The plaintiff shall pay the fee in accordance with the terms of this Memorandum Opinion and Order.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from Golden's inmate trust account (TDCJ No. 673185) and forward them to the Clerk on a regular basis in compliance with the provisions of 28

U.S.C. § 1915(b) and the terms of this Memorandum Opinion and Order until the entire filing fee ($350.00) has been paid.

3. Plaintiff's Original Complaint (Docket Entry No. 1), filed by Inmate William David Golden, TDCJ No. 673185, is **DISMISSED WITHOUT PREJUDICE** because it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

4. All pending motions (Docket Entry Nos. 5 and 8) are **DENIED** as **MOOT**.

5. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; the TDCJ-CID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629; and the Pro Se Clerk for the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 5th day of December, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE